**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUSAN FLORENCE COMISH,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:25-cv-07393<br><br>Judge Charles P. Kocoras<br><br>Magistrate Judge Jeannice W. Appenteng |

**MOTION TO MODIFY CONSENT JUDGMENT**

Plaintiff, Susan Florence Comish ("Plaintiff"), respectfully moves the Court to modify the Consent Judgment entered on July 8, 2026 [109] against Defendant Nos. 55 Extraordinary Art Decorative Painting et al.[1] (collectively, the "Defendants"), for the single purpose of correcting the corporate name of the non-party e-commerce platform that the Consent Judgment orders to transfer the settlement funds to Plaintiff. A redline version of the proposed Corrected Consent Judgment is attached hereto as Exhibit A, and a clean version has been submitted to the Court's proposed order inbox. In support, Plaintiff states as follows:

The Consent Judgment awards Plaintiff thirty thousand dollars ($30,000) in damages and orders the e-commerce platform holding Defendants' seller-account funds to transfer that sum to Plaintiff within seven calendar days of receipt of the Order. [109 ¶ 3]. It identifies that platform as

[1] "Defendants" include Defendant Nos. 55 Extraordinary Art Decorative Painting, 58 fei huan poster, 64 Riviera poster, 66 lumino poster, 69 Planet ART DECOR, 76 Romantic Wall Art, 79 rapiessss, 80 peacefulful, 82 SKYSSS, 86 Blooming means blooming, 87 BM Wall Art, 88 wonderful poster, 89 Fine great art, 90 Max Hawk, 92 LW ART, 93 DESSERTES, 94 Reviewesss, 103 HHW Art Painting, 117 Very beautiful poster, 119 ZZHONGYUAN, 120 Yangguan Poster, 125 SDLR Art Painting, 128 Luffy Wall Art, 129 MeetArt Poster, 130 Zhuzhu poster, 132 Nice Poster House, 140 Lin Zi Studio Art Poster, 142 Whale Wall Art, 144 Dragon Wall Art, 145 YANZI WALL ART, 146 Wonderful unique poster, 147 Colorful Vision poster, 148 NB poster, 149 Beautiful poster style, 150 The poster looks great, 151 This poster looks great, 159 Artify, 160 ye Art, 163 artful living vibes, and 164 Leaf wall decoration art.

"Temu LLC." The correct corporate name, however, is Whaleco, Inc. d/b/a Temu. The misnomer has stalled payment. The platform has advised Plaintiff's counsel that it will not process the transfer the Consent Judgment directs unless the entity ordered to act is identified in the Court's order as Whaleco, Inc. d/b/a Temu rather than Temu LLC.

Rule 60(a) exists for precisely this. The Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and "may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). "Such clerical mistakes include the inadvertent mislabelling of a party's name." *Chrysler Credit Corp. v. Anthony Dodge, Inc.*, No. 92 C 5273, 1996 WL 509888, at *4 (N.D. Ill. Sept. 4, 1996); *see PacifiCorp Capital, Inc. v. Hansen Props.*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) ("By this time, it is plain that misnomers with respect to parties may be corrected pursuant to this Rule.").

What the Court adjudicated is untouched. A Rule 60(a) correction "changes nothing of substance but is used to restore the original meaning of the judgment," *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 849 (7th Cir. 2025), and that is all the requested correction does: the Damage Amount, the findings of personal jurisdiction and copyright liability, the permanent injunction, the Court's retention of jurisdiction, and Plaintiff's entitlement to reasonable attorneys' fees and costs incurred in enforcement all stand precisely as entered.

Neither the entry of the Consent Judgment nor the closure of this action bars relief. Rule 60(a) fixes no deadline, and "when the error is 'clerical' the time of correction does not matter." *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir. 1986). The Seventh Circuit has ordered technical repairs to a judgment seventeen years after its entry, observing that "[t]echnical repair work may be done at any time" and that "[s]lips of the judicial pen ought not cost litigants their substantive rights." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003). A correction

under the rule operates *nunc pro tunc*, relating back to the original entry. *Grunt Style*, 140 F.4th at 848.

Plaintiff therefore respectfully requests that the Court modify the Consent Judgment [109] and enter the proposed Corrected Consent Judgment attached hereto as Exhibit A, which identifies the entity ordered to transfer the Damage Amount as Whaleco, Inc. d/b/a Temu rather than Temu LLC, and leaves the Consent Judgment otherwise unchanged.

DATED: September 4, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 4, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt